[No. 2460–3.   Division Three.   September 5, 1978.]

THE CITY OF SPOKANE, *Respondent,* v. ROBERT D. McGOLDRICK, *Appellant.*

*Robert D. McGoldrick,* pro se, and *William C. Harrison,* for appellant.

*John J. Madden, Acting Corporation Counsel,* and *Greg Smith, Assistant,* for respondent.

McINTURFF, J.—Robert D. McGoldrick appeals convictions for driving without a driver's license and operating a motor vehicle with improper license plates. We affirm in part and reverse in part.

On October 17, 1975, appellant attempted to renew his driver's license. When queried by an examiner as to hospitalizations within the preceding year, the appellant stated he had been hospitalized for hypertension. The examiner then informed appellant that before his license would be renewed, he must undergo a physical examination and obtain a doctor's written authorization to continue driving. (*See* RCW 46.20.305.) Apparently the officer did not believe that appellant's medical problem mandated immediate refusal of renewal,[1] because he gave the appellant a 30–day temporary driver's permit. The appellant made an appointment with his doctor the following week; explained the reason for his visit; was examined; and left forms to be completed which had been given him by the examiner.

---

[1]*See* RCW 46.20.031 which states eight classes of persons to which the Department shall not issue a driver's license, including:

"(8) To any person when the department has good and substantial evidence to reasonably conclude that such person by reason of physical or mental disability would not be able to operate a motor vehicle with safety upon the highways; subject to review by a court of competent jurisdiction."

Approximately a week later, appellant returned to the doctor's office and was assured that the necessary paper work had been forwarded to the Department of Motor Vehicles (Department). Subsequently, the appellant made two inquiries of the Department relative to the status of his license. In the meantime, on January 13, 1977, while test driving an automobile dealer's vehicle, the appellant was stopped by a Spokane City Policeman and cited for the two offenses involved in this appeal. Finally, in March 1977, appellant received a renewal authorization.

█ The first issue is whether appellant was operating the vehicle without a valid permit. We answer in the negative. RCW 46.20.305 provides, in part:

The department, having good cause to believe that a licensed driver is incompetent or otherwise not qualified to be licensed may upon notice require him to submit to an examination. The department may in addition require such person to obtain a certificate showing his condition signed by a licensed physician or other proper authority designated by the department. Upon the conclusion of such examination *the department shall take driver improvement action as may be appropriate . . .*

(Italics ours.)

RCW 46.20.322(1) provides, in part:

(1) Whenever the department . . . proposes to refuse to renew a driver's license, notice and an opportunity for *a driver improvement interview shall be given before taking such action,* except as provided in RCW 46.20.324 and 46.20.325.

(Italics ours.)

RCW 46.20.324[2] became inoperative when the examining officer chose not to exercise the authority accorded the Department in RCW 46.20.031 and issued the temporary

---

[2] "A person shall not be entitled to a driver improvement interview or formal hearing as hereinafter provided:

"(1) When the action by the department is made mandatory by the provisions of this chapter or other law; or

"(2) When the person has refused or neglected to submit to an examination as required by RCW 46.20.305."

permit. Obviously, the Department did not invoke RCW 46.20.325[3] since it had not disposed of appellant's renewal application. Hence, could the Department deprive appellant of his driving privilege by failing to act on his application within the duration of his temporary permit? No. Although such a permit may not exceed 60 days in duration, RCW 46.20.055(3), there is no statutory prohibition against the Department reissuing a temporary license pending its decision on a renewal application. If we permitted gross inactivity by the Department to convert a person's legal operation of a motor vehicle into a criminal operation, we would condone the Department doing by inaction that which it could not do by affirmative action. Because such a result would be anathema to justice, we hold the appellant's driver's permit was automatically renewed every 60 days, commencing November 17, 1975, until the expiration of the March 1977 renewal authorization.

■ The second issue, whether a motorist who is test driving a dealer's vehicle can be held criminally liable for operation of an improperly licensed vehicle, is without merit. Although the primary responsibility for obtaining a valid motor vehicle license is with the owner of a vehicle, RCW 46.16.500,[4] Spokane city ordinance C 22–259, § 46.16-.010, as well as RCW 46.16.010[5] specifically prohibit the operation of an improperly licensed vehicle. The fact that

---

[3]RCW 46.20.325 states in pertinent part: "[T]he department, whenever it determines from its records or other sufficient evidence that the safety of persons upon the highways requires such action, shall forthwith and without a driver improvement interview suspend the privilege of a person to operate a motor vehicle or impose reasonable terms and conditions of probation consistent with the safe operation of a motor vehicle."

[4]"Whenever an act or omission is declared to be unlawful in chapter 46.16 RCW, if the operator of the vehicle is not the owner of such vehicle, but is so operating or moving the same with the express or implied permission of the owner, then the operator and/or owner shall both be subject to the provisions of this chapter with the primary responsibility to be that of the owner."

[5]RCW 46.16.010 provides, in pertinent part:

the record is silent as to whether the appellant knew or was aware that the vehicle was unlicensed at the time of operation is immaterial since traffic offenses are mala prohibita. *State v. Turner,* 78 Wn.2d 276, 474 P.2d 91, 41 A.L.R.3d 493 (1970).

The judgment as to the driver's license is reversed and that charge is dismissed; however, the judgment as to the unlicensed vehicle is affirmed.

FARRIS, C.J., and ROE, J., concur.

"It shall be unlawful for a person to operate any vehicle over and along a public highway of this state without first having obtained and having in full force and effect a current and proper vehicle license and display vehicle license number plates therefor as by this chapter provided: . . ."