[No. 7362–1–I. Division One. July 7, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. LOIS A. WAYMIRE, *Appellant.*

*Leslie Wildman of Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Mary Kay Barbieri, Deputy,* for respondent.

SWANSON, J.—Lois Waymire appeals from a judgment and sentence entered on a verdict of guilty of acting as a real estate broker without a license, RCW 18.85.340, following a jury trial.

Waymire was licensed by the State as a broker for her company C. and L. Realty during the year 1977. Her license bore an expiration date of December 31, 1977. Intending to close her business at the end of 1977, Waymire testified, she failed to renew her license for 1978. In January 1978, she assisted in the sale of a home. As a result of this transaction, she was charged with and convicted of second–degree theft, RCW 9A.56.040 (theft of earnest money) and acting as a real estate broker without a license. Waymire testified at trial that she believed her real estate license did not expire until 30 days after its stated expiration date. Other testimony established that the license expired on its stated expiration date. The sole issue on appeal is whether the trial court erred in not instructing the jury that scienter is an element of the crime of acting as a real estate broker without a license.

RCW 18.85.340 provides:

> Any person acting as a real estate broker, associate real estate broker, or real estate salesman, without a license, or violating any of the provisions of this chapter, shall be guilty of a gross misdemeanor.

We hold that this statute states a malum prohibitum crime and does not require proof of intent. The legislature's purpose in requiring members of an occupation to be licensed is the protection of the public. *Ellestad v. Swayze,*

15 Wn.2d 281, 130 P.2d 349 (1942). Statutes intended for the protection of the public, unless they state otherwise, generally do not require proof of intent as an element of the crime. *State v. Lindberg,* 125 Wash. 51, 215 P. 41 (1923). *See State v. Burnam,* 71 Wash. 199, 128 P. 218 (1912) (possession of milk not meeting state standards); *Spokane v. McGoldrick,* 21 Wn. App. 255, 584 P.2d 471 (1978) (driving an unlicensed automobile). The Supreme Court recently stated, furthermore, that if the legislature does not make intent, express or implied, an element of the crime, the doing of the prohibited act constitutes the crime. *State v. Stroh,* 91 Wn.2d 580, 588 P.2d 1182 (1979). We conclude, therefore, that the trial court was correct in not instructing the jury that scienter is an element of the crime of acting as a real estate broker without a license.

The judgment is affirmed.

CALLOW, C.J., and ANDERSEN, J., concur.

Reconsideration denied August 22, 1980.