■ In the Matter of PAUL GENTILE, Respondent, v STATE FARM INSURANCE COMPANY, Appellant.—In a special proceeding to confirm an arbitration award, the defendant appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), entered October 31, 1988, which, upon confirming the award, is in favor of the plaintiff and against it in the principal sum of $13,386.

Ordered that the judgment is affirmed, with costs.

Following a hearing before the American Arbitration Association, the arbitrator concluded that defendant State Farm Insurance Company (hereinafter State Farm) had improperly discontinued the plaintiff's lost earnings benefits on the basis of an alleged fraud by him, which State Farm failed to substantiate. The arbitrator's decision was not appealed. When the plaintiff initially attempted to confirm the award, a hearing was held at which it was established that a State Farm claims superintendent repeatedly assured the plaintiff's counsel that the company would begin making payments as soon as a second arbitration on his medical benefits was concluded. In reliance upon these misleading representations, the plaintiff did not again attempt to confirm the award until more than a year after it was served upon him. Under these circumstances, we find that State Farm was estopped from asserting the one-year period of limitation as a defense *(see, Debes v Monroe County Water Auth.,* 16 AD2d 381). There is also no merit to the suggestion by State Farm that the plaintiff had no right to rely upon the representations of a State Farm employee, rather than its attorney, in invoking the doctrine of estoppel. At the time of the plaintiff's counsel's contacts with State Farm's claims adjuster, the matter had already been through arbitration and the arbitrator's award had not been appealed, so that, so far as plaintiff's counsel was aware, there were no *legal* matters pending.

The arbitrator did not exceed his authority in determining that State Farm had not established that the plaintiff's claim was fraudulent, because the issue of fraud was an intrinsic part of the arbitrator's inquiry into whether or not coverage existed. In any event, it is well established that "an arbitrator is empowered to grant *any* relief reasonably fitting and necessary to a final determination of the matter submitted to him, including legal and equitable relief" *(Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 95 AD2d 497, 502, *affd* 61 NY2d 913).

We have examined the remaining contention of State Farm and find it to be without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.