In the Matter of WILLIAM KING, Respondent, v NIKKO SECURITIES CO. INTERNATIONAL, INC., Appellant.

According to petitioner, he was induced to join respondent's newly formed equity trading department as head trader in July 1987 upon an oral promise to employ him for 2½ years at an annual salary of $200,000, plus an annual bonus of $300,000. After petitioner commenced employment with respondent, all written contracts proposed by respondent contained a provision permitting respondent to terminate petitioner without cause upon certain notice. Petitioner rejected

these proposals as contrary to the parties' oral understanding, until, in the wake of Black Monday, October 19, 1987, petitioner relented and executed a contract with such a provision. When petitioner was terminated on September 12, 1988, he was paid only four months salary as severance. The unelaborated arbitration award in petitioner's favor closely approximates the additional amount of salary and bonus petitioner would have earned within the 2½ year contract period had he not been terminated, less amounts he earned during that period subsequent to his termination.

Respondent argues that pursuant to Uniform Securities Application form U-4 and New York Stock Exchange rule 347, the arbitration was compulsory, and that the arbitrators, in failing to apply the Statute of Frauds and the parol evidence rule so as to reject petitioner's claim, in accordance with this court's decisions in *Ginsberg v Fairfield-Noble Corp.* (81 AD2d 318) and *Cunnison v Richardson Greenshields Sec.* (107 AD2d 50), acted "in disregard of applicable rules of law" (citing *Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508) and "applied a wrong rule of law" (citing *Matter of Nationwide Mut. Ins. Co. v Sheldon,* 70 AD2d 847, *appeal dismissed* 49 NY2d 913).

Assuming arguendo that this was an instance of compulsory arbitration *(but see, Mount St. Mary's Hosp. v Catherwood, supra,* at 501), the award was properly confirmed. The touchstone of judicial review of awards rendered in compulsory arbitrations, although more exacting than that applicable to awards rendered in consensual arbitrations, is that the record contain a rational basis for the award *(Matter of Commercial Union Ins. Co. v Ewall,* 168 AD2d 247), i.e., that the legal criteria be considered in good faith and that the resulting award have a plausible basis *(Caso v Coffey,* 41 NY2d 153, 158). This standard of review does not incorporate, or require, precise application by the arbitrators of the decisions of this court on the underlying substantive legal issues *(Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.],* 49 NY2d 757). In any event, the arbitrators' award, and their implicit rejection of respondent's Statute of Frauds and parol evidence defenses, clearly has a rational basis in view of the belated manner in which these defenses were asserted. Concur —Carro, J. P., Milonas, Rosenberger, Ellerin and Smith, JJ.