■ In the Matter of STANLEY LANE, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [599 NYS2d 101] —In a proceeding pursuant to CPLR article 75 to vacate an arbitra-

tion award, the petitioner Stanley Lane appeals from a judgment of the Supreme Court, Nassau County (Wager, J.), dated February 21, 1991, which denied his application and granted the cross petition of the respondent Liberty Mutual Insurance Company to confirm the award.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the arbitrator did not exceed his authority in determining that the petitioner's itemized bill for dental services was excessive and improper. Although Liberty Mutual Insurance Company paid the petitioner's bill prior to the arbitration hearing, the petitioner did not amend his request for arbitration, which sought payment of the bill *(see, Matter of De Benedetto [Government Empls. Ins. Co.],* 75 AD2d 642). Moreover, the issue of whether the bill was valid was an intrinsic part of the arbitrator's inquiry into the petitioner's entitlement to interest and reasonable attorneys' fees pursuant to Insurance Law § 5106 (a) *(see, Matter of Gentile v State Farm Ins. Co.,* 170 AD2d 508).

Furthermore, it is well settled that a court will not set aside an arbitrator's award for errors of law or fact unless "the award is so irrational as to require vacatur" *(Matter of Panton v Allstate Ins. Co.,* 173 AD2d 831; *Matter of Empire Mut. Ins. Co. v Jones,* 151 AD2d 754). Thus, "[s]hort of complete irrationality, arbitrators may do justice and fashion the remedy to fit the facts before them, subject of course to the interdictions of public policy as set forth in the Constitution, statutes and decisional law" *(Matter of Panton v Allstate Ins. Co., supra,* at 831). The arbitrator's denial of interest and attorneys' fees based, *inter alia,* upon his finding that the petitioner's bill for services was excessive, cannot be considered to be completely irrational or contrary to public policy. Accordingly, the award was properly confirmed. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.