■ In the Matter of JULIUS HECHT et al., Appellants, v HARVEY GERTLER et al., Respondents. [601 NYS2d 316] —In a proceeding pursuant to CPLR article 75 to confirm an arbitra-

tion award, the petitioners Julius Hecht and Bruce Hecht appeal from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered January 9, 1991, which denied the petitioners' application and granted the respondents' cross application to vacate the award.

Ordered that the judgment is reversed, on the law, with costs, and the arbitrator's award is confirmed.

In 1974, the petitioner Julius Hecht and the respondent Harvey Gertler founded Comparative Designs, Inc., a company in the business of fabricating aluminum and glass entrances to commercial buildings. In June 1984 they each brought a son into the business and entered into a shareholders' agreement, giving each family 50% of the stock. The agreement also provided, *inter alia*, that "Any claim or dispute, among the parties herein * * * shall be submitted to arbitration * * * The decisions of the [arbitrator] shall be binding, final and conclusive * * * The arbitrators are to have the specific power to render an order for specific performance or injunctive relief."

On May 4, 1988, following a shareholders' dispute, the parties met with their attorneys and orally agreed that the Gertlers would purchase the Hechts' shares for $325,000, with 10% down payment and the balance in equal installments over five years. That day, Gertler signed a check for $32,500 and the Hechts resigned as officers and employees. Subsequently, however, a disagreement arose concerning restrictions on the Hechts' post-sale ability to compete with Comparative Designs, Inc., and a formal written agreement was never executed. Thereafter, the Gertlers demanded arbitration and asserted that they had the right to invoke another provision in the shareholders' agreement entitling them to buy out the Hechts for $100,000 in the event that they entered into competition with Comparative Designs, Inc. The arbitrator found that the oral agreement of May 4, 1988, was valid and directed the Gertlers to pay the balance of the $325,000, in specified installments. The Hechts moved to confirm the arbitration award and the Gertlers cross-moved to vacate it. The court vacated the award on the ground that the oral agreement violated the Statute of Frauds. We reverse.

"Where a dispute has been arbitrated pursuant to a broad arbitration agreement between the parties, the resulting award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Mat-*

ter of Town of Callicoon [Civil Serv. Empls. Assn.], 70 NY2d 907, 909; see also, Kleinman v Drexel Burnham Lambert, 192 AD2d 512). Thus, a court will not set aside an arbitrator's award based on mere errors of law or fact (see, Matter of Lane v Liberty Mut. Ins. Co., 194 AD2d 676, citing Matter of Panton v Allstate Ins. Co., 173 AD2d 831). "[A]bsent provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence * * * He may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be" (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308; see also, Matter of Sprinzen [Nomberg], 46 NY2d 623, 631).

The parties do not dispute that on May 4, 1988, in the presence of their attorneys, they orally agreed to the essential price and terms of payment. Indeed, on that date the Hechts resigned as officers and employees and severed their connection with the business, and the Gertlers made the down payment. Thereafter, the Gertlers paid the first installment. Thus, the record reveals that the parties began performing the agreement and that they considered the execution of a written agreement a mere formality. While the oral agreement may have violated the Statute of Frauds, it cannot be said that the arbitrator's award lacked a rational basis (see, Matter of Sprinzen [Nomberg], supra; Matter of King v Nikko Sec. Co. Intl., 179 AD2d 490), or violated any strong public policy (see, Matter of Custom Crafts by Bulzomi v Frommer, 182 AD2d 760). Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.