2039

John E. WHITE, Jr., Respondent v. PREFERRED RESEARCH, INC., a Georgia Corporation; Preferred Research, Inc., a South Carolina Corporation; Richard McCauley; John B. Spangler, Jr.; First American Title Insurance Company; Peyton M. Chichester, III; and PRO, Inc., of whom Preferred Research, Inc., a Georgia Corporation; Preferred Research, Inc., a South Carolina Corporation; Richard McCauley; John B. Spangler, Jr.; Peyton M. Chichester, III; and PRO, Inc., are Appellants.

(432 S.E. (2d) 506)

Court of Appeals

*James B. Richardson, Jr.* of *Svalina, Richardson & Smith*, Columbia, *for appellants.*

*C. Richard Kelly*, Columbia, *for respondent.*

Submitted Apr. 12, 1993.

Decided June 21, 1993.

*Per Curiam:*

This is an appeal from an order of the circuit court confirming an arbitration award. Richard McCauley, John B. Spangler, Jr., and Peyton M. Chichester, III, appeal on the ground that the court lacked personal jurisdiction over them. They and the other appellants also seek to vacate the arbitrator's award on the ground that the award was without evidentiary support in the record. We affirm.

1. McCauley, Spangler, and Chichester first raised lack of personal jurisdiction in their answer to White's complaint. However, when the case was called for trial on May 7, 1990, the parties, in a pretrial conference with the

judge, agreed the case should be submitted to binding arbitration. Pursuant to this agreement, the circuit court entered a consent order, drafted by the attorney of McCauley, Spangler, and Chichester, ordering the case to arbitration. The order specified that the arbitration and any appeal therefrom was to be held under the provisions of the Uniform Arbitration Act.[1] Pursuant to the order, McCauley, Spangler, and Chichester proceeded to arbitration without objection.[2] By voluntarily submitting to binding arbitration, they waived the defense of lack of personal jurisdiction. *Cf. S.M. Wolff Co. v. Tulkoff*, 9 N.Y. (2d) 356, 214 N.Y.S. (2d) 374, 174 N. E. (2d) 478 (1961).

2. On September 25, 1990, the arbitrator filed his ■ award granting White $49,361.00 against McCauley, Spangler, Chichester, and all other defendants. White moved to confirm the award pursuant to S.C. Code Ann. § 15-48-120. By an order of October 9, 1990, the circuit court confirmed the award and entered judgment for White against all the adverse parties. As far as the record discloses, no party made application to the court to vacate or modify the award within ninety days after receiving it.

The appellants now seek to set aside the arbitrator's award on the ground that it was without evidentiary support in the record. Instead of relying on the provisions of S.C. Code Ann. § 15-48-130, which they contend is not applicable, they argue this proceeding should be viewed as a common law arbitration, because there was no agreement to arbitrate.

The argument is without merit. The parties agreed to submit to binding arbitration. That agreement was embodied in a consent order. The appellants proceeded to arbitrate the dispute pursuant to that order. Upon the motion of White, the circuit court properly confirmed the arbitrator's award in compliance with S.C. Code Ann. § 15-48-120. Neither in the

---

[1]S.C. Code Ann. § 15-48-10 to -240 (Supp. 1991).

[2]During the arbitration, they moved before the arbitrator for summary judgment pursuant to Rule 56, SCRCP. No grounds are stated in the motion as required by Rule 7(b), SCRCP, although it appears they asserted lack of personal jurisdiction when arguing the motion before the arbitrator. Arbitration is not a judicial proceeding governed by the rules of civil procedure. *See Ruff v. Metropolitan Property & Liability Insurance Co.*, 508 A. (2d) 672 (R.I. 1986). Thus, the Rule 56 motion was not proper. In any event, because the parties had already voluntarily submitted the matter to binding arbitration, the defense of lack of personal jurisdiction had been waived and was no longer available.

circuit court nor before this Court on appeal have the appellants shown any ground for vacating the arbitration award. *See* S.C. Code Ann. § 15-48-130. Accordingly, we affirm the judgment of the circuit court.

In conclusion, we emphasize that arbitration is not litigation carried on by other means. It is intended to be, and it is, an alternative means for resolving disputes without the cost and delay of a lawsuit. Judicial review of an arbitration award is limited in scope. Attempts to convert arbitration into a trial-like judicial proceeding are looked upon with disfavor.

Affirmed.