■ In the Matter of SULTAN MOHIUDDIN, Respondent, v RASHID J. KHAN, Appellant. [602 NYS2d 664] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from (1) a judgment of the Supreme Court, Suffolk County (Floyd, J.), dated June 4, 1991, which granted the petitioner's application to confirm the award, and denied the appellant's cross motion to vacate the award, and (2) an order of the same court, dated September 9, 1991, which denied the appellant's renewed motion based upon newly discovered evidence.

Ordered that the judgment and the order are affirmed, with one bill of costs.

It is well settled that a party seeking to vacate an arbitrator's award must meet a heavy burden, " 'for once the issue is properly before the arbitrator, questions of law and fact are merged in the award and are not within the power of the judiciary to resolve' " *(North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.*, 45 NY2d 195, 200, quoting from *Matter of Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 28). Thus, where, as in the case at bar, a party who has participated in arbitration seeks to vacate the award, vacatur may only be granted upon the grounds that "the rights of that party were prejudiced by corruption, fraud or misconduct in procuring the award, partiality of an arbitrator, that the arbitrator exceeded his power or failed to make a final and definite award, or a procedural failure that was not waived" *(Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307; CPLR 7511 [b] [1]). An arbitrator's award "will not be vacated even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is

violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" *(Matter of Silverman [Benmor Coats], supra,* at 308; *see also, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *Matter of Hecht v Gertler,* 196 AD2d 541).

The arbitrator's award was neither totally irrational, violative of strong public policy, or in excess of his powers under the broad arbitration clause contained in the parties' partnership agreement. Moreover, the award rendered was sufficiently final and definite to resolve the controversy submitted to arbitration, and to be enforceable *(see, Matter of Meisels v Uhr,* 79 NY2d 526; *Matter of Carty [Nationwide Ins. Co.],* 149 AD2d 328; *Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40, 44). Accordingly, the Supreme Court properly denied the appellant's cross motion to vacate the award.

Finally, we note that the discovery of new evidence is not among the grounds for vacatur of an arbitration award under CPLR 7511 (b) *(see, Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950, 951; *see also, Matter of Hirsch Constr. Corp. [Cooper],* 181 AD2d 52, 55; *Karlan Constr. Co. v Burdick Assocs. Owners Corp.,* 166 AD2d 416). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.