[No. 38163-6-I.   Division One.   January 27, 1997.]
PEGASUS CONSTRUCTION CORPORATION, *Appellant,* v.
TURNER CONSTRUCTION COMPANY, ET AL.,
*Respondents.*

*Douglas Millard III;* and *Dan S. Lossing* and *Inslee, Best, Doezie & Ryder, P.S.,* for appellant.

*Joseph C. Calmes, Betsy A. Gillaspy,* and *Williams, Kastner & Gibbs,* for respondents.

Cox, J. — While this action was stayed pending arbitration, the arbitrator to whom the principal parties in this case had submitted their construction claims heard Turner Construction Company's motion to dismiss. After considering all written and oral submissions of Turner and Pegasus Construction Corporation, the arbitrator ruled that neither party had complied with the terms in the prime contract for making claims. Accordingly, he did not award either party any damages. Pegasus moved in the trial court to vacate the award, arguing that the arbitrator had committed misconduct by failing to hear evidence on the merits of its claims. The trial court denied Pegasus' motion, and the company appeals. We affirm.

In July 1992, Pegasus, as subcontractor, entered into a written agreement to perform concrete form work and placement for Turner. Turner was the prime contractor on the Bellevue Community College (BCC) bookstore project. The subcontract incorporated by reference the terms of the prime contract between Turner and BCC.

In early November 1992, Pegasus ceased work on the subcontract. Nearly four months later, Pegasus filed a claim against the bond and the retained percentage on the project. In March 1993, Pegasus commenced this action, claiming that Turner had breached the subcontract by failing to pay amounts due for labor and materials supplied to the project. Turner counterclaimed, seeking damages for Pegasus' failure to perform under the subcontract. One year later, the trial court granted Turner's motion to stay this action pending arbitration under the dispute resolution provision of the prime contract. Approximately one year later, Pegasus filed its demand for arbitration under the American Arbitration Association (AAA) Construction Industry Arbitration Rules.

In May 1995, Turner moved for summary judgment in

this action. It claimed that Pegasus' failure to comply with the contractual claims procedure of the prime contract warranted dismissal of its claims. The trial court denied Turner's motion. In its oral decision, the court made clear that it was denying the motion because it was inappropriate to lift the stay and enter judgment while the arbitration was pending.

Turner then renewed its motion to dismiss by presenting it to the arbitrator. After reviewing all written declarations and hearing oral argument from both parties, the arbitrator ruled that Pegasus was not entitled to an award of damages because it had failed to comply with the claims procedure of the prime contract. Because Turner had also failed to comply with the claims procedure, the arbitrator ruled that Turner's counterclaims could not be the basis for a damages award.

Turner then returned to the trial court and moved for dismissal of this action based on the arbitrator's decision. Pegasus moved to vacate the arbitrator's award. The trial court granted Turner's motion and denied Pegasus'. Thereafter, the trial court denied Pegasus' motion for reconsideration. Pegasus appeals.

## Arbitrator Misconduct

Pegasus argues that the arbitrator committed misconduct under RCW 7.04.160(3) by dismissing its claim on the basis of its failure to comply with the claims procedure in the prime contract. Pegasus contends that the arbitrator was required to hear evidence regarding the merits of the claim. We disagree.

Our review of an arbitrator's award "is limited to that of the court which confirmed, vacated, modified or corrected that award."[1] The trial court's review is confined to the question of whether any of the statutory grounds

---

[1] *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992).

for vacation exist.[2] The burden of showing that such grounds exist is on the party seeking to vacate the award.[3]

RCW 7.04.160(3) provides in part that a trial court shall vacate an arbitration award if the arbitrator is "guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, *or in refusing to hear evidence, pertinent and material to the controversy;* or of any other misbehavior, by which the rights of any party have been prejudiced."[4]

We have found only one published decision that addresses the evidentiary portion of RCW 7.04.160(3). In *Groves v. Progressive Cas.*,[5] Groves was injured in a motorcycle-automobile collision. He settled with the automobile driver's liability carrier for an amount substantially less than that driver's liability limit. Groves' entitlement to underinsured (UIM) benefits from his insurer depended entirely on a comparison between his damages and the liability limit on the automobile driver's insurance policy. It did not depend on the amount or reasonableness of the settlement.[6] A panel of arbitrators denied Groves' claim for UIM benefits from his insurer because he had settled for less than the at-fault driver's liability limits.[7] On review, this court concluded that the trial court did not err by failing to vacate an award based on the arbitrator's failure to hear evidence regarding the reasonableness of Groves' settlement and his insurer's bad faith.[8] The court reasoned that the evidence in question was irrelevant.[9]

*Groves* is directly on point. Here, Pegasus' appeal is

---

[2]*Groves v. Progressive Cas.*, 50 Wn. App. 133, 135, 747 P.2d 498 (1987), *review denied*, 110 Wn.2d 1016 (1988).

[3]*Groves*, 50 Wn. App. at 135.

[4](Italics ours.)

[5]50 Wn. App. at 133.

[6]50 Wn. App. at 138.

[7]50 Wn. App. at 138.

[8]50 Wn. App. at 139.

[9]50 Wn. App. at 139.

based solely on the failure of the arbitrator to hear evidence on issues other than the company's compliance with the contractual claims procedure. Both parties submitted declarations to the arbitrator regarding the factual issue of whether Pegasus had received a copy of the prime contract. The arbitrator also heard oral argument from the parties. Pegasus asserts in its brief that "[e]xcept, possibly, for reading the written declarations, the arbitrator heard no witnesses and received no evidence." But that argument fails to demonstrate that the arbitrator refused to hear any evidence that it submitted regarding the dispositive issue, compliance with the claims procedure. Moreover, Pegasus made no written objection to any claimed failure by the arbitrator to hear evidence on the issue of compliance with the claims procedure.[10]

■ Our Supreme Court recently reaffirmed that an agreement to submit disputes to arbitration makes the arbitrator the judge of both the law and the facts.[11] Here, the arbitrator concluded that Pegasus' unpaid invoices became claims for the purposes of the dispute resolution provisions of the prime contract. Pegasus does not dispute that it failed to comply with these provisions. Rather, Pegasus argues that the arbitrator erred by determining that its request for payment constituted a claim, rather than a routine invoice not subject to the claims procedure. Pegasus also challenges the arbitrator's finding that the prime contract was available to it as a matter of public record. Both of these determinations are within the province of the arbitrator as judge of the law and facts. We will not disturb them.

Pegasus' failure to comply with the dispute resolution procedure was dispositive. Evidence regarding the merits of the claim was therefore not "pertinent and material to

---

[10]AAA Construction Industry Arbitration Rule 38 provides: "Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object."

[11]*Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995).

the controversy."[12] Pegasus has failed to fulfill its burden to show that the arbitrator committed misconduct under the statute.

■ We note that Pegasus also claims that AAA Construction Industry Arbitration Rule 29 requires a full hearing on the merits and that the arbitrator's procedure here violated that rule. We reject this argument.

Rule 29 provides in part:

> The complaining party shall . . . present evidence to support its claim. The defending party shall then present evidence supporting its defense. Witnesses for each party shall submit to questions or other examination. The arbitrator has the discretion to vary this procedure but shall afford a full and equal opportunity to all parties for the presentation of any material and relevant evidence.

Rule 31 provides that "[t]he arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary."

We read these rules to vest discretion in the arbitrator to vary the procedures by which a matter is to be heard, subject to the duty of ensuring that both sides have the opportunity to present any "material and relevant" evidence. The arbitrator determines what evidence qualifies under this characterization. These rules are consistent with the statute we have previously discussed and do not support the argument that a full hearing of all evidence regarding the merits of a claim must occur where a dispositive issue makes this unnecessary.

Pegasus characterizes the arbitrator's award as a "summary judgment" and cites dicta in a South Carolina case to argue that the arbitrator's procedure in this case is inappropriate.[13] We disagree.

---

[12]RCW 7.04.160(3). *See Groves*, 50 Wn. App. at 139.

[13]*White v. Preferred Research, Inc.*, 315 S.C. 209, 432 S.E.2d 506, 507 n.2 (1993).

By agreement of the parties, the construction industry's arbitration rules, not the rules of civil procedure, applied to the proceeding.[14] Thus, CR 56 was not at issue here. Turner's failed motion for summary judgment in the trial court when arbitration was pending did not make the arbitrator's decision on the company's motion to dismiss a summary judgment. Rather, the arbitrator's resolution in this case was permitted by the governing statute and arbitration rules and consistent with this state's strong policy favoring arbitration as a quick, certain, and inexpensive alternative to litigation.[15] The cases Pegasus cites to support its claim that a full evidentiary hearing is necessary are inapposite.[16]

Finally, Pegasus makes passing reference to the arbitrator's ruling being inconsistent with Rule 29 and contends that this is a separate ground for vacation of the award under RCW 7.04.160(4).[17] Pegasus fails to make any argument or cite any authority to support the contention. Because of these failures and because we have already addressed the propriety of the use of the challenged procedure, holding that it does not violate Rule 29, we reject this final argument as well.[18]

We affirm the trial court's orders denying the motion to vacate and dismissing Pegasus' claims in this action.

---

[14]*See Barnett*, 119 Wn.2d at 155 (stating that an arbitrator's powers are governed by the agreement to arbitrate).

[15]*E.g., King County v. Boeing Co.*, 18 Wn. App. 595, 602-03, 570 P.2d 713 (1977).

[16]*E.g., Tombs v. Northwest Airlines, Inc.*, 83 Wn.2d 157, 161, 516 P.2d 1028 (1973) (awards must be made with notice and hearing, absent waiver by parties); *Martin-Morris Agency, Inc. v. Mietzner*, 1 Wn. App. 950, 465 P.2d 425 (1970) (same); *Puget Sound Bridge & Dredging Co. v. Lake Wash. Shipyards*, 1 Wn.2d 401, 96 P.2d 257 (1939) (informal and ex parte investigation by arbitrators permissible if parties agreed to it).

[17]RCW 7.04.160(4) requires vacation of an arbitral award "[w]here the arbitrators exceeded their powers . . . ."

[18]*See State v. Lord*, 117 Wn.2d 829, 853, 822 P.2d 177 (1991) (declining to consider claims of error unsupported by authority), *cert. denied*, 506 U.S. 856 (1992) ; *Smith v. King*, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986) (declining to consider claim unsupported by argument or citation to authority).