954 P.2d 1327 (1998)
135 Wash.2d 112
Samuel DAVIDSON and Elizabeth Davidson, Petitioners,
v.
Bruce HENSEN, d/b/a BLH Construction, Registration No. BLHCO* *066CJ; and ITT Hartford Insurance Company, Bond No. 21RN46485958231, Respondents.
No. 65230-9.
Supreme Court of Washington, En Banc.
Argued February 10, 1998.
Decided May 7, 1998.
*1328 Seligmann & Beckerman, Willard G. Smith, Jr., Seattle, for Petitioners.
Kathryn E. Meyers Carruthers, Bainbridge Island, for Respondents.
TALMADGE, Justice.
This case involves both the policy of Washington's arbitration act, RCW 7.04, which confers substantial finality on decisions of arbitrators, and the contractor registration act, RCW 18.27, which denies unregistered contractors access to the courts to seek collection of compensation for work performed. Because the parties entrusted the issue of a *1329 contractor's compliance with RCW 18.27 to the arbitrator, and the homeowners failed to assert any grounds under RCW 7.04.160 for vacating the arbitrator's award, Washington's strong public policy preference for finality of arbitrators' awards applies. We affirm the Court of Appeals' decision upholding the confirmation of the arbitrator's award.

ISSUE
In the proceeding before the superior court to confirm an arbitration award, did the homeowners raise any grounds under RCW 7.04.160 for overturning the arbitration award in the contractor's favor?

FACTS
Contractor Bruce Hensen agreed to remodel a barn into a house for the Davidsons. The parties signed a written contract on January 25, 1994, and Hensen began work on January 31, 1994. The contract contained a broad arbitration clause:
5. Disputes
5.1 Any claims or disputes between the Contractor and the Owner arising from this Agreement shall be resolved by arbitration in accordance with Construction Industry Arbitration Rules of the American Arbitration Association unless both parties agree otherwise.
Clerk's Papers at 37.
After disputes arose, Hensen filed for arbitration in December 1994 in accordance with the parties' contract for amounts due thereunder. The Davidsons answered and counterclaimed in January 1995, asserting theories of breach of contract, breach of warranty, conversion, fraud, misrepresentation, violation of the Consumer Protection Act (RCW 19.86), and failure to account. Some four months after Hensen filed for arbitration, and just prior to the commencement of the arbitration hearing, the Davidsons' trial counsel contacted the Department of Labor and Industries (Department) by phone on April 21, 1995, and was told Hensen had been continuously licensed and bonded, as required by RCW 18.27, since 1989 with no substantial lapses. The Davidsons' trial counsel requested copies of documents confirming Hensen's registration status that same day.
The arbitration hearing took place on April 27, 28, and May 1, 1995. Although the exact nature and scope of the questioning is disputed because there is no transcript of the arbitration hearing, it is undisputed the parties questioned Hensen about his registration status. At the completion of the hearing on May 1, the arbitrator asked if either side had any additional evidence to present. Both sides agreed they had completed their cases except for the post-hearing briefs. The arbitrator then closed the evidentiary hearing on May 1 and began drafting the award.
On May 12, 1995, the Davidsons' attorney received a certified copy of Hensen's registration status from the Department showing Hensen's registration had lapsed from October 27, 1991, to March 30, 1994, and his bond had lapsed from October 27, 1991, to January 31, 1994. A few days later on May 16, 1995, the Davidsons moved to reopen the hearing. The arbitrator denied the request and subsequently awarded Hensen approximately $7,500.
When Hensen moved to confirm the award, the Davidsons argued that Hensen was not in compliance with RCW 18.27 at the time of contracting, and the court should therefore vacate the award. In its memorandum opinion, the trial court, the Honorable M. Karlyn Haberly, found the arbitrator had heard and determined Hensen's registration status, and ruled the court was limited to reviewing the face of the arbitration award unless a party was deprived of a full and fair hearing. Because no error existed on the face of the award,[1] the trial court confirmed the arbitration award.[2] The Court of Appeals *1330 affirmed the trial court order. Davidson v. Hensen, 85 Wash.App. 187, 189, 933 P.2d 1050 (1997). On the Davidsons' petition, we granted review.

ANALYSIS
A. Arbitration Under RCW 7.04
Washington has established its policy for arbitration in RCW 7.04, our "code of arbitration." Price v. Farmers Ins. Co., 133 Wash.2d 490, 495, 946 P.2d 388 (1997); Northern State Constr. Co. v. Banchero, 63 Wash.2d 245, 249, 386 P.2d 625 (1963). Washington law generally favors the use of alternative dispute resolution such as arbitration where the parties agree by contract to submit their disputes to an arbitrator. Boyd v. Davis, 127 Wash.2d 256, 262, 897 P.2d 1239 (1995) (noting encouraging parties voluntarily to submit their disputes to arbitration is an increasingly important objective in our ever more litigious society). See, e.g., Perez v. Mid-Century Ins. Co., 85 Wash.App. 760, 765, 934 P.2d 731 (1997) (recognizing a strong public policy in Washington state favoring arbitration of disputes); Clearwater v. Skyline Constr. Co., 67 Wash.App. 305, 314, 835 P.2d 257 (1992), review denied, 121 Wash.2d 1005, 848 P.2d 1263 (1993) (same). See also Munsey v. Walla Walla College, 80 Wash.App. 92, 94-95, 906 P.2d 988 (1995) (recognizing the strong public policy favoring arbitration of disputes and noting arbitration cases court congestion, provides an expeditious method of resolving disputes and is generally less expensive than litigation); accord King County v. Boeing Co., 18 Wash. App. 595, 602-03, 570 P.2d 713 (1977) (and cases cited therein). See also Barnett v. Hicks, 119 Wash.2d 151, 160, 829 P.2d 1087 (1992) (noting the object of arbitration is to avoid the formalities, delay, expense and vexation of ordinary litigation). The parties' rights with regard to arbitration are controlled by their contract and the provisions of RCW 7.04. Price, 133 Wash.2d at 495-96, 946 P.2d 388.
Washington courts have given substantial finality to arbitrator decisions rendered in accordance with the parties' contract and RCW 7.04. The shorthand description for this policy of finality is that judicial review of an arbitration award is limited to the face of the award. Boyd, 127 Wash.2d at 263, 897 P.2d 1239. In the absence of an error of law on the face of the award, the arbitrator's award will not be vacated or modified. Id; see also Lindon Commodities, Inc. v. Bambino Bean Co., 57 Wash.App. 813, 816, 790 P.2d 228 (1990) (applying the above cited rule and reversing the trial court confirmation of an arbitration award, and remanding the matter for a new arbitration hearing, where an error of law appeared on the face of the award).
Phrased a different way, judicial review of an arbitration award in the context of a proceeding under RCW 7.04.150 to confirm an arbitrator's award is exceedingly limited. A court may confirm, vacate, modify, or correct an arbitrator's award in accordance with the applicable provisions in RCW 7.04. Barnett, 119 Wash.2d at 156, 829 P.2d 1087; Expert Drywall, Inc. v. Ellis-Don Constr., Inc., 86 Wash.App. 884, 888, 939 P.2d 1258 (1997), Groves v. Progressive Cas., 50 Wash.App. 133, 135, 747 P.2d 498 (1987), review denied, 110 Wash.2d 1016 (1988). Judicial review of an arbitration award, therefore, does not include a review of the merits of the case. Barnett, 119 Wash.2d at 157, 829 P.2d 1087; Westmark Properties, Inc. v. McGuire, 53 Wash.App. 400, 402, 766 P.2d 1146 (1989). Ordinarily, the evidence before the arbitrator will not be considered by the court. Id.; Lindon, 57 Wash.App. at 816, 790 P.2d 228.
B. Judicial Review of Arbitrator's Award
Turning to the award in this case, the Davidsons cannot point to an error that appears on the face of the arbitrator's award. However, they claim the arbitrator's award *1331 should be vacated because of alleged procedural irregularities in the arbitrator's refusal to re-open the hearing to address the issue of Hensen's alleged failure to comply with RCW 18.27. They further allege the arbitrator had no authority to issue an award because their contract with Hensen was illegal by virtue of Hensen's alleged noncompliance with RCW 18.27.020.[3]
The Davidsons' contentions are governed by the provisions of RCW 7.04.160 pertaining to judicial vacation of an arbitrator's award. RCW 7.04.160 states:
In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:
(1) Where the award was procured by corruption, fraud or other undue means.
(2) Where there was evident partiality or corruption in the arbitrators or any of them.
(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.
(5) If there was no valid submission or arbitration agreement and the proceeding was instituted without either serving a notice of intention to arbitrate, as provided in RCW 7.04.060, or without serving a motion to compel arbitration, as provided in RCW 7.04.040(1).
An award shall not be vacated upon any of the grounds set forth under subdivisions (1) to (4), inclusive, unless the court is satisfied that substantial rights of the parties were prejudiced thereby.
Where an award is vacated, the court may, in its discretion, direct a rehearing either before the same arbitrators or before new arbitrators to be chosen in the manner provided in the agreement for the selection of the original arbitrators and any provision limiting the time in which the arbitrators may make a decision shall be deemed applicable to the new arbitration and to commence from the date of the court's order.
1. Refusal to Re-Open Hearing
The Davidsons allege the trial court erred in refusing to vacate the award when the arbitrator "refused to admit evidence that the contract that was the subject of the arbitration [was] illegal." Pet. for Review at 7. This contention is without merit.
First, evidence regarding Hensen's registration status was, in fact, heard by the arbitrator. The basis of the Davidsons' claim is that Hensen was not properly registered when he entered into the remodel contract on January 25, 1994, relying on a belatedly received letter from the Department as conclusive proof of Hensen's noncompliance. However, the trial court found the issue of Hensen's registration was before the arbitrator and decided in Hensen's favor. The Davidsons do no more than make an untimely offer of evidence regarding an issue which has already been decided by the appropriate decision maker. See Northern State Constr. Co., 63 Wash.2d at 249, 386 P.2d 625 (an arbitrator becomes the judge of both the facts and the law); see also ML Park Place Corp. v. Hedreen, 71 Wash.App. 727, 742, 862 P.2d 602 (1993) (an arbitration award shall not be vacated if the appellant's argument cannot be decided without delving into the substantive merits of the claims), review denied, 124 Wash.2d 1005, 877 P.2d 1288 (1994).
The Davidsons assume there has been a conclusive determination at some point in these proceedings that Hensen was not registered as required by RCW 18.27.080, the *1332 evidence they now have is conclusive as to that issue, and the underlying contract is illegal. There has been no such finding. At best, this "new evidence" merely conflicts with other evidence in this case and raises anew a fact issue regarding Hensen's registration. See Clerk's Papers at 189 (Hensen's registration card showing registration dates in conflict with the Department letter (Clerk's Papers at 191)); Report of Proceedings at 13, 20 (Hensen's purported testimony at the arbitration hearing confirming his registration). Hensen's attorney also asserted before the trial court that the Department letter conflicts with other information from the Department and confuses Hensen's histories under his specialty and general contractor's license. In any event, inquiry regarding this matter is neither possible nor appropriate, as no transcript of the arbitration exists and evidence before the arbitrator will not be considered by the court. Lindon, 57 Wash.App. at 816, 790 P.2d 228; Westmark, 53 Wash.App. at 402, 766 P.2d 1146 (citing Puget Sound Bridge & Dredging Co. v. Frye, 142 Wash. 166, 178, 252 P. 546 (1927)).
Second, to the extent the Davidsons assert the arbitrator violated RCW 7.04.160 in declining to re-open the hearing to admit evidence counsel for the Davidsons obtained from the Department, their argument is without merit.
The authority conferred upon the arbitrator by the American Arbitration Association Construction Industry Arbitration Rules is expansive. Rule 31 provides:
31. Evidence.
The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute....
The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent in default or has waived the right to be present.
Clerk's Papers at 177. Moreover, as to the specific question of the closing and re-opening of the hearing, Rule 35 provides:
35. Closing of the Hearing.
The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.
Clerk's Papers at 177. Additionally, Rule 36 indicates the arbitrator has discretion to re-open the hearing: "[t]he hearing may be re-opened on the arbitrator's initiative, or upon application of a party, at any time before the award is made ..." Clerk's Papers at 177.
We decline to overturn the arbitrator's award based on a refusal to re-open the hearing for additional evidence in light of Washington's strong policy favoring finality of arbitration awards and the broad authority conferred upon the arbitrator by the parties' agreement. Pegasus Constr. Corp. v. Turner Constr. Co., 84 Wash.App. 744, 929 P.2d 1200 (1997). Although the parties disagree as to how extensively the registration issue was pursued at the arbitration hearing, there is no dispute that evidence was indeed presented at the hearing on this issue. The parties placed the issue before the arbitrator who decided in Hensen's favor. The Davidsons had an opportunity to timely assert nonregistration before the arbitrator, but failed to do so. They agreed they had fully presented their case to the arbitrator on May 1, 1994, and made no attempt to postpone the closing of the hearing even though they had not received written documentation from the Department regarding Hensen's registration history. By failing to timely assert the affirmative defense of nonregistration, they waived it.[4]
*1333 2. New Evidence
The gravamen of the Davidsons' appeal is a challenge to the arbitration award based on "new evidence," but this argument fails as well. We have made clear the exclusive grounds for challenging an arbitration award are enumerated in RCW 7.04.160 and 7.04.170. New evidence is not an enumerated ground for overturning the arbitration award; thus, the Davidsons have offered no viable basis for disturbing the arbitration award.[5]
In an analogous case, facing assertions that a contract entered into by an unregistered contractor was illegal and/or void, the New York Court of Appeals held new evidence regarding the nonregistration of the contractor, discovered subsequent to the arbitration award, constituted insufficient grounds to disturb the award. Matter of Hirsch Constr. Corp. (Cooper), 181 A.D.2d 52, 585 N.Y.S.2d 418, appeal denied, 81 N.Y.2d 701, 610 N.E.2d 388, 594 N.Y.S.2d 715 (1992). New York's statutes, like Washington's, require registration of contractors, and make noncompliance with such provisions a misdemeanor. Application of Klineman, 160 Misc.2d 774, 777-78, 611 N.Y.S.2d 729 (1993). In Hirsch, the contractor obtained a license two months after he made a home improvement contract with homeowners to renovate their residence. A dispute arose and the contractor demanded arbitration pursuant to the contract. An arbitration award was made in favor of the contractor. On the contractor's motion to confirm the award, the homeowners contended the contractor had not been licensed at the inception of the contract and the agreement violated the public policy against enforcing illegal contracts. The Hirsch court upheld the arbitrator's award:
There is a well-settled rule prohibiting challenges to arbitral awards on the basis of newly discovered evidence. Without such a rule, "the arbitration award would be the beginning rather than the end of the controversy and the protracted litigation which arbitration is meant to avoid would be invited." The grounds for vacating an arbitration award, set forth in CPLR 7511(b), are exclusive and newly discovered evidence is not one of them.
Thus, since the lack of a license was newly discovered evidence which was not before the arbitrators, the award cannot be challenged on this basis and the public policy argument that home improvement contractors must be licensed, which relies on this evidence, must fail. This is not to say, as does our concurring colleague, that we are favoring one public policy, i.e., upholding arbitration awards, over another, that home improvement contractors be licensed. Suffice to say, these two distinct public policies are not in competition in this case for the simple reason that the licensure issue was not before the arbitrators.
. . . .
Moreover, as we recently held in a case involving the same contractor, the courts will not vacate an arbitration on public policy grounds where, as here, there "is *1334 nothing on the face of the award to indicate that it violates the public policy against recovery by unlicensed home improvement contractors."
Hirsch, 181 A.D.2d at 55-56, 585 N.Y.S.2d 418 (citations omitted). See also Mohiuddin v. Khan, 197 A.D.2d 578, 579, 602 N.Y.S.2d 664, 666 (1993) (declining to vacate arbitration award based on new evidence, as such basis was not statutorily recognized grounds for vacatur); Shaff v. Skahill, 617 A.2d 960, 963 (D.C.1992) (ordering confirmation of arbitration award in favor of contractor, rejecting respondent's argument that arbitration award should be set aside because contractor was not in compliance with licensure requirements, and noting an arbitration award can be set aside only for statutorily recognized grounds).
In Washington, as in these sister jurisdictions, newly discovered evidence is not a statutorily recognized basis for challenging an arbitration award at the time of its confirmation by the court. RCW 7.04.160.
3. Illegality of Contract
The Davidsons also assert a right of judicial review under RCW 7.04.160(4), arguing the arbitrator rendered an award under an illegal contract. In effect, they contend the arbitrator did not have authority to award compensation to Hensen by virtue of RCW 18.27.080 which provides:
No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract. For the purposes of this section, the court shall not find a contractor in substantial compliance with the registration requirements of this chapter unless: (1) The department has on file the information required by RCW 18.27.030; (2) the contractor has a current bond or other security as required by RCW 18.27.040; and (3) the contractor has current insurance as required by RCW 18.27.050. In determining under this section whether a contractor is in substantial compliance with the registration requirements of this chapter, the court shall take into consideration the length of time during which the contractor did not hold a valid certificate of registration.
Noncompliance with these registration requirements is a misdemeanor. RCW 18.27.020(1) and (2)(a). The Davidsons assert in light of the "new evidence" of Hensen's noncompliance, the contract upon which the arbitration award is based is illegal; and as the contract is illegal, the court cannot affirm it.
The initial question in this case is whether RCW 18.27.080 is operative to deny Hensen the opportunity to confirm his arbitration award in superior court. To do so requires us to find that a confirmation proceeding under RCW 7.04.150 is an "action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract" as envisioned by RCW 18.27.080. We have previously answered this question.
In Thorgaard Plumbing & Heating Co. v. King County, 71 Wash.2d 126, 426 P.2d 828 (1967), we upheld confirmation of an arbitration award despite the County's assertion before the superior court that the claimant had failed to properly meet the requirements of a nonclaim statute. We stated:
The fact that a party to the arbitration may apply to the court for confirmation of the award is not to be equated with the bringing of an action for the collection of compensation, within the meaning of RCW 36.45.010. It is no more than a motion for an order to enforce an award of compensation already made by the arbitrators, pursuant to contract. If the award is not modified, vacated or corrected, the court "shall grant such an order." In such event the court has a mere ministerial duty of entering judgment on the award. 6 C.J.S. Arbitration and Award § 129.
Thorgaard Plumbing, 71 Wash.2d at 132, 426 P.2d 828 (footnotes omitted). See also Price, 133 Wash.2d at 497, 946 P.2d 388. Thus, the *1335 Davidsons' position is not well-taken procedurally.[6]
In addition, the Davidsons misconstrue the substantive effect of RCW 18.27.080. The statute does not render a contract between a homeowner and contractor void ab initio. Rather, the contract has limited enforceability as the contractor did not comply with the registration statute. Given the breadth of the arbitration agreement here, the question of the operation of RCW 18.27.080 under these facts was appropriately conferred upon the arbitrator.
The Davidsons assert the Court of Appeals decision herein conflicts with our decision in Vedder v. Spellman, 78 Wash.2d 834, 480 P.2d 207 (1971), citing that case for the proposition a contract entered into by a nonregistered contractor is illegal and unenforceable. Relying on Vedder's characterization of the contract as "illegal," the Davidsons argue such illegal contract cannot be enforced by the courts, and that such illegal contract can be challenged at any time, citing Reed v. Johnson, 27 Wash. 42, 53-56, 67 P. 381 (1901). However, Vedder's holding, upon which the Davidsons rely as establishing an agreement with a nonregistered contractor as such type of contract, is less clear than the Davidsons assert.
Vedder is a plurality decision. Justice Rosellini's lead opinion, joined only by Justice Hunter, opined a contract with a nonregistered contractor was illegal and unenforceable. Vedder, 78 Wash.2d at 837-38, 480 P.2d 207. Justice Finley concurred in the result and Justice Neill's concurring opinion, signed by Justice Stafford and Justice Pro Tem Donworth, noted such illegal contract was not void ab initio, but merely unenforceable. Id. at 839-40, 480 P.2d 207 (Neill, J., concurring). Justice Hale's dissent opined the statute should not be extended to bar action on a check, noting "[t]he statute does not make building contracts illegal, unlawful or immoral; it merely makes them unilaterally unenforceable." Id. at 842, 480 P.2d 207 (Hale, J., dissenting). Justice McGovern and Chief Justice Hamilton joined in the result of the dissent.
Where there is no majority agreement as to the rationale for a decision, the holding of the court is the position taken by those concurring on the narrowest grounds. See State v. Zakel, 61 Wash.App. 805, 808, 812 P.2d 512 (1991), aff'd, 119 Wash.2d 563, 834 P.2d 1046 (1992) (citing Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977)); see also Zueger v. Public Hosp. Dist. No. 2, 57 Wash.App. 584, 591, 789 P.2d 326 (1990); Southcenter Joint Venture v. National Democratic Policy Comm., 113 Wash.2d 413, 427-29, 780 P.2d 1282 (1989). Thus, a majority of the Vedder court agreed only that a contract with an unregistered contractor is unilaterally unenforceable, with the lead and concurring opinions both characterizing such contract as illegal, but differing on what that term signified (i.e., concurrence opining such contract is not null and void).[7]
An additional reason for rejecting the notion that registration noncompliance renders a contract void can be found in the current text of RCW 18.27.080 itself. The statute now contains a substantial compliance proviso which acts to ameliorate the potentially *1336 harsh result from the text as written when Vedder was decided. The substantial compliance proviso was added in 1988, see Laws of 1988, ch. 285, § 2, recognizing judicial application of that doctrine to RCW 18.27.080 which began six months after Vedder was decided with Murphy v. Campbell Inv. Co., 79 Wash.2d 417, 422, 486 P.2d 1080 (1971). The very applicability of the substantial compliance doctrine to such circumstances argues that a contract subject to the statute is not void, but the enforceability thereof is limited based on public policy.
Furthermore, case law interpreting RCW 18.27.080 notes an unregistered contractor may assert completion of work under the contract as a defense to a claim by a customer for reimbursement; case law also acknowledges a customer may bring suit against a contractor regarding issues other than reimbursement. See Anderson v. Frandsen, 36 Wash.App. 353, 356, 674 P.2d 208 (1984) (RCW 18.27.080 only prohibits actions brought by the contractor; it does not prevent an unlicensed contractor from claiming that he performed work as a defense to a claim for reimbursement); Vedder, 78 Wash.2d at 838, 480 P.2d 207 (RCW 18.27 does not give customers the right to reimbursement if they have already paid an unregistered contractor). See also Pope & Talbot, Inc. v. Productization, Inc., 74 Wash.App. 197, 202-06, 872 P.2d 78 (1994) (corporate owner of property, suing contractor for breach of construction contract, has standing to assert contractor's noncompliance with registration act to defeat contractor's motion to compel arbitration). By acknowledging certain rights of both parties survive application of RCW 18.27.080, these cases support the view that noncompliance with RCW 18.27 does not make the underlying contract void ab initio.
While it is true the jurisdiction of the arbitrator is limited by the arbitration agreement/clause and RCW 7.04.010, see Price v. Farmers Ins. Co., 133 Wash.2d at 495-96, 498-500, 946 P.2d 388, and older case law holds the illegality of a contract (and the ensuing lack of jurisdiction) may be raised at any time, see Reed v. Johnson, 27 Wash. 42, 50, 53-56, 67 P. 381 (1901), the Vedder case and Hirsch suggest a distinction between illegal contracts which are void ab initio (i.e., those which are criminal or against public morals/policy, such as wagering contracts) and a contract in which some rights are preserved but may not be enforced by certain parties under certain circumstances. Justice Rosellini's lead opinion, while characterizing the contract in Vedder as illegal and unenforceable, nevertheless recognized some surviving rights thereunder. See Vedder, 78 Wash.2d at 837-38, 480 P.2d 207. Likewise, Justice Neill's concurrence noted contracts with nonregistered contractors were not void ab initio, noting a difference between contracts which are null and void and contracts which are merely unenforceable by certain parties. Id. at 839-40, 480 P.2d 207 (Neill, J., concurring). This distinction is echoed in more recent Washington cases.[8]
Under this modern distinction, an assertion of nonregistration is more akin to an affirmative defense than a jurisdictional issue. It is a legal question which may be determined by the arbitrator. See Northern State Constr. Co., 63 Wash.2d at 249, 386 P.2d 625 (arbitrator is the judge of both the facts and the law). As an affirmative defense, it must be timely pleaded or it is *1337 waived. Alexander v. Food Servs. of Am., Inc., 76 Wash.App. 425, 428-29, 886 P.2d 231 (1994) (failure to raise any matter constituting an avoidance or affirmative defense in a timely manner results in a waiver of the defense); Northwest Land & Inv., Inc. v. New W. Fed. Sav. & Loan Ass'n, 64 Wash. App. 938, 944, 827 P.2d 334 (affirmative defense may be waived if not timely raised), review denied, 120 Wash.2d 1002, 838 P.2d 1143 (1992). See also Northwest Acceptance Corp. v. Hesco Constr., Inc., 26 Wash.App. 823, 826, 614 P.2d 1302 (1980) (noting consideration of an untimely offered affirmative defenses is particularly inappropriate for an appellate court as the resolution of same requires a factual hearing).[9]
The Davidsons argue we should follow California's approach in Loving & Evans v. Blick, 33 Cal.2d 603, 204 P.2d 23 (1949), in which the California Supreme Court reversed the trial court's confirmation of an arbitration award in favor of contractor partners, finding the underlying contract illegal and void because one of the contracting partners was not licensed as required by statute.[10] The plurality opinion by Justice Spence held the violation of the statute rendered the contract illegal and void; held the contractors' application for judicial confirmation of the arbitrator's award amounted to court "action" for the collection of compensation (id. at 613, 204 P.2d 23); and applied the general rule that no court action may be brought to enforce an illegal contract. Id. at 607, 204 P.2d 23. The plurality opinion asserted it would violate public policy to allow a party to enforce through arbitration what it could not enforce through litigation. Id. at 611-12, 204 P.2d 23. The plurality declared that the court, and not the arbitrator, must determine the issue of illegality of the entire transaction (id. at 614, 204 P.2d 23); it cited earlier cases holding that the power of the arbitrator to determine the rights of the parties is dependent upon a valid contract, and, in the absence of a valid contract, no such rights can arise and the arbitrator has no power to determine "such nonexistent rights." Id. at 610, 204 P.2d 23.
To adopt the Loving approach would require us to retreat from those Washington cases which recognize a distinction between contracts which are criminal or immoral and contracts which violate a statute or ordinance. See, e.g., Evans v. Luster, 84 Wash. App. 447, 450, 928 P.2d 455 (1996), and Sienkiewicz v. Smith, 97 Wash.2d 711, 716, 649 P.2d 112 (1982). It would require us to ignore our prior determination that confirmation of an arbitration award is not the equivalent of an original action for the collection of compensation, as in such proceeding the court performs a mere ministerial duty of entering judgment on the award in the absence of grounds for vacation or correction enumerated in RCW 7.04.160.170. See Thorgaard, 71 Wash.2d at 132, 426 P.2d 828, and Price, 133 Wash.2d at 497, 946 P.2d 388. It would require us to ignore the arbitrator's role as judge of both the facts and the law, Northern State Constr. Co., 63 Wash.2d at 249, 386 P.2d 625, and delve improperly into the evidence before him. See Lindon, 57 Wash.App. at 816, 790 P.2d 228; Westmark, 53 Wash.App. at 402, 766 P.2d 1146 (citing Puget Sound Bridge & Dredging Co. v. Frye, 142 Wash. 166, 178, 252 P. 546 (1927)). It would further require us to ignore our modern court rules which require affirmative defenses to be timely asserted or waived. See CR 8(c). We decline to do so.
Ultimately, Hensen's compliance with RCW 18.27 was one of several legal issues before the arbitrator which was decided by the arbitrator based on the evidence presented during the arbitration hearing. This is not a case about a jurisdictional issue.

CONCLUSION
We again reiterate the strong public policy in Washington favoring finality of arbitration *1338 awards. Judicial review of such awards is confined to the narrow grounds set forth in RCW 7.04. The Davidsons do not meet those narrow statutory grounds in this case. We affirm the decision of the Court of Appeals upholding confirmation of the arbitrator's award.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER and SANDERS, JJ., concur.
NOTES
[1] There was one minor error on the award concerning an overcharge. The trial court corrected this error and it is not relevant on appeal.
[2] The trial court stated in the memorandum opinion:

Pursuant to RCW 7.04.160, the arbitration award can be vacated on four grounds. The Plaintiff [the Davidsons] has argued that subsections (1) and (3) should be relied upon by the Court to vacate this award. The Court is limited to reviewing the award on its face unless a party was deprived of a full and fair hearing, of the right to submit evidence, or the arbitrator's actions came within the stated grounds for finding misconduct.
The issue of the Defendant's registration status was an issue heard and determined by the arbitrator. The arbitrator then denied a Motion to reopen the arbitration to consider new evidence regarding the registration.
Given the limitations on review, there are no errors of law or fact apparent on the face of the arbitration [award] ... The Plaintiff has not demonstrated other statutory grounds to vacate the award. Neither fraud nor misconduct by the arbitrator have been shown.
Clerk's Papers at 199-200.
[3] The Davidsons do not assert the award should be modified or corrected. RCW 7.04.170 permits a court to modify or correct an award

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award.
(2) Where the arbitrators have awarded upon a matter not submitted to them.
(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy. The order must modify and correct the award, as to effect the intent thereof.
[4] Nor can it be said the arbitrator, as decision maker, abused his discretion by refusing to re-open the hearing to admit additional evidence. See Pegasus, 84 Wash.App. at 749-50, 929 P.2d 1200 (noting Rule 31 (cited above) vests arbitrators with broad discretion in evidentiary and procedural matters, and holding determinations within the province of the arbitrator as judge of the law and facts will not be disturbed). Cf. Holbrook v. Weyerhaeuser Co., 118 Wash.2d 306, 314-15, 822 P.2d 271 (1992) (a trial court's (i.e., decision maker's) evidentiary rulings will be reversed only for an abuse of discretion); and Konkar Maritime Enters., S.A. v. Compagnie Belge D'Affretement, 668 F.Supp. 267, 273 (S.D.N.Y. 1987) (an arbitrator's evidentiary rulings will not be overturned absent a clear showing of abuse of discretion). See also Holbrook, 118 Wash.2d at 315, 822 P.2d 271 (noting discretion is abused when a decision is manifestly unreasonable or based on untenable grounds). Here the arbitrator closed the hearing after both sides affirmed they had completed their cases. Under these circumstances, it cannot be said the arbitrator abused his discretion in declining to reopen the hearing to take additional evidence. Accord Groves v. Progressive Cas., 50 Wash.App. 133, 139, 747 P.2d 498 (1987) (holding arbitrator's refusal to hear evidence which is not pertinent and material to the controversy does not provide a basis for vacating award under RCW 7.04.160(3)), review denied, 110 Wash.2d 1016 (1988).
[5] The letter from the Department would not qualify as "new evidence" in a trial setting, nor should it here. Since the information contained in the letter was available at the Department before and during the arbitration hearing, and could have been discovered and produced at the hearing with reasonable diligence, the letter does not qualify as grounds for vacating the arbitration award. Cf. CR 59(a)(4) (noting grounds for new trial or reconsideration to include "[n]ewly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial" (emphasis added)). Cf. also ML Park Place, 71 Wash.App. at 741-45, 862 P.2d 602 (rejecting appellant's attempt to indirectly attack an arbitration award via a CR 60(b) motion asserting newly discovered evidence of fraud).
[6] Language appearing as dicta in Pope & Talbot, Inc. v. Productization, Inc., 74 Wash.App. 197, 207 n. 14, 872 P.2d 78 (1994), which characterizes confirmation of an arbitration award by a superior court under RCW 7.04.150 as a court "action" for the collection of compensation within the meaning of RCW 18.27.080, ignores our treatment of the matter in Thorgaard, and is disapproved to the extent inconsistent with this opinion.
[7] Although Vedder is not a model of clarity, it has nevertheless been cited for the proposition that "a contract that is contrary to the terms and policy of an express legislative enactment is illegal and unenforceable." See Tanner Elec. Co-op. v. Puget Sound Power & Light Co., 128 Wash.2d 656, 669, 911 P.2d 1301(1996); Kennedy v. Rode, 41 Wash.App. 177, 181, 702 P.2d 1240 (citing Vedder and holding commission agreement in violation of statute requiring a person be a licensed broker in order to bring suit for compensation as a broker contravenes public policy and is null and void), review denied, 104 Wash.2d 1014 (1985); Springer v. Rosauer, 31 Wash.App. 418, 424, 641 P.2d 1216, review denied, 97 Wash.2d 1024 (1982). Among these cases, only Kennedy held the contract in question violating a statute to be void, citing Springer as authority for that holding. However, Springer did not go so far, it held only that the contract in question therein was "unenforceable" citing Vedder. Furthermore, none of these cases involved an arbitration.
[8] See Evans v. Luster, 84 Wash.App. 447, 450, 928 P.2d 455 (1996), noting:

If a contract is illegal or flows from an illegal act, a court will leave the parties as it finds them. An agreement to violate a statute or municipal ordinance is void, except when the agreement is not criminal or immoral and the statute or ordinance contains an adequate remedy for its violation.
(footnote omitted) (emphasis added). See also Sienkiewicz v. Smith, 97 Wash.2d 711, 716, 649 P.2d 112 (1982), noting:
Although we have long held that generally an agreement violating a statute or municipal ordinance is void (Golberg v. Sanglier, 96 Wash.2d 874, 639 P.2d 1347 (1982); Hederman v. George, 35 Wash.2d 357, 212 P.2d 841 (1949); Reed v. Johnson, 27 Wash. 42, 67 P. 381 (1901)), this is not necessarily true where the agreement is neither immoral nor criminal in nature and the statute or ordinance subjects violators merely to a penalty without more. See, e.g., Marriott Fin. Servs., Inc. v. Capitol Funds, Inc., 288 N.C. 122, 217 S.E.2d 551, 77 A.L.R.3d 1036 (1975).
(Emphasis added.)
[9] Illegality of the contract is an affirmative defense that must be specifically and timely pleaded, or it is waived. CR 8(c); Cellular Eng'g, Ltd. v. O'Neill, 118 Wash.2d 16, 21-22, 820 P.2d 941 (1991). See also Hinton v. Johnson, 87 Wash. App. 670, 676, 942 P.2d 1061 (1997) (recognizing noncompliance with RCW 18.27 as a form of illegality that must be pleaded, but noting the error may be waived if the parties impliedly or expressly consent to try the issue).
[10] The Loving case is distinguishable in that there was no fact question regarding the contractor's noncompliance with the statute. Loving, 33 Cal.2d at 611, 204 P.2d 23.