# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of )
)  No. 70729-9-I
KAREN M. JONES, )
)  DIVISION ONE
    Respondent, )
)  UNPUBLISHED OPINION
  and )
)
PERRY J. JONES III, )
)
    Appellant. )  FILED: June 9, 2014
)

APPELWICK, J. — A court may vacate an arbitrator's award in only very limited circumstances, such as when an arbitrator has exceeded his or her legal authority. In this case, Perry fails to meet his burden to show from the face of the arbitrator's award that the arbitrator exceeded his authority. We affirm the trial court's orders confirming the arbitrator's award and denying Perry's motions to vacate the award and its entry of final dissolution orders incorporating the award.

## FACTS

Karen Jones and Dr. Perry Jones were married for more than 37 years. Perry is a dentist and during the marriage, both parties worked in his dental practice. They amassed several valuable properties, assets, and collections. Karen filed for dissolution in 2012.

In January 2013, the parties participated in mediation and entered into a CR 2A agreement. They agreed to make certain payments from the proceeds of the sale of the marital home that had already occurred and agreed to jointly obtain appraisals of certain assets. The parties also agreed that "resolution of the allocation of the parties' remaining assets and liabilities and the determination of spousal maintenance, will be

mediated and, if not settled at mediation, arbitrated by Judge Steve Scott, Ret." They further agreed that the arbitrator would "determine the manner in which the arbitration shall be conducted."

During the second mediation in February 2013, the parties again agreed upon some issues, but failed to resolve the major outstanding financial issues. The parties agreed to make additional payments from the proceeds of the home sale, to an "overall 50/50 division of assets and liabilities," and that each party would retain his or her own individual retirement account. They also stipulated that Perry should be awarded certain collections and assets with a total value of approximately $40,000.

The parties then entered into an agreed order to strike the trial date and submit the remaining issues to arbitration. Specifically, the parties determined that "[a]ll financial issues shall be determined in binding arbitration." The arbitrator set a briefing schedule and conducted the arbitration based on the parties' briefs and submissions of evidence. The arbitrator issued an arbitration award on March 18, 2013.

At the time of the arbitration, the parties owned two remaining pieces of real property, one in France and the other in Montana. The arbitrator did not assign a value to either property, but awarded the property in France to Karen and the property in Montana to Perry.[1] The spreadsheet attached to the arbitrator's award otherwise assigned value to assets and awarded each asset to Karen or Perry.[2]

---

[1] The parties agreed to jointly obtain real estate appraisals, but apparently failed to do so.

[2] As with the real estate, the arbitrator did not assign value to the vehicles awarded to the parties nor to air miles, which were divided equally.

2

The primary asset that the arbitrator awarded to Perry was the parties' interest in his dental practice and their interest in the commercial building where the practice is located. The arbitrator awarded the entire value of the parties' retirement investment account associated with the business to Karen. The arbitrator awarded to Perry most of the furniture, rugs, art collection, stamp collection, and most of the precious metals. Karen received the wine collection, jewelry, and specific pieces of furniture, some designated as community property and some as separate property. The arbitrator awarded each party a portion of the remaining proceeds from the sale of the marital home. According to the arbitrator's spreadsheet, excluding the real estate, each party received assets of equal value in the amount of $1,059,884. The arbitrator also determined that Karen should receive monthly maintenance payments of $8,000 for five years. The arbitrator submitted an explanatory letter together with the award "solely for the benefit of the parties" and explicitly not to be construed as findings or a part of the award itself.

Perry filed a motion in the arbitration proceedings challenging the award and the arbitrator denied the motion. In the superior court, Perry filed a motion to vacate the award on numerous bases, asking the court to reevaluate the evidence before the arbitrator. Karen sought confirmation of the award and entry of final dissolution orders incorporating the award.

On May 1, 2013, the superior court entered final orders, including a decree of dissolution and findings of fact and conclusions of law. In a separate order, the court denied the motion to vacate, granted the motion to confirm, and struck Perry's

submission of the evidentiary record before the arbitrator. In this order, the court also granted Karen's motion for fees incurred after the conclusion of the arbitration.

Perry filed a motion for reconsideration following the entry of final orders and an amended motion to vacate. On July 9, 2013, the trial court entered an order denying the amended motion to vacate, awarding approximately $17,000 in postarbitration fees and costs to Karen, and resolving all pending motions. Perry appeals.

DISCUSSION

I. Motion To Vacate

Perry challenges several aspects of the arbitrator's award. His primary complaints are (1) the arbitrator failed to distribute assets equally in accordance with the parties' agreement and (2) the arbitrator made a determination of marital misconduct and relied on that finding as a basis to distribute assets unequally. Perry also claims that the arbitrator awarded maintenance without making required findings or considering his actual income and the disparity in the parties' ages and health condition.

Washington courts accord substantial finality to the decision of an arbitrator rendered in accordance with the parties' contractual agreement and Washington's uniform arbitration act, chapter 7.04A RCW. Davidson v. Hensen, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998). Accordingly, judicial review of an arbitration award is exceedingly limited. Id. at 118-19. A court may disturb an award only on the narrow grounds listed in RCW 7.04A.230 and only when those grounds appear on the face of the award. Westmark Props., Inc. v. McGuire, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). This court's review of an arbitrator's award is limited to review of the decision

4

by the court that confirmed, vacated, modified, or corrected that award. Expert Drywall, Inc. v. Ellis-Don Constr., Inc., 86 Wn. App. 884, 888, 939 P.2d 1258 (1997).

Perry identifies several statutory grounds for vacating the award. Specifically, he claims there are grounds to vacate based on "evident partiality" of the arbitrator, "corruption" of the arbitrator, and the failure to properly conduct the arbitration in accordance with the statute. RCW 7.04.230(1)(b)(i), (ii), and (c).

While Perry alleges both "evident partiality" and "corruption," he does not attempt to explain or substantiate the allegation of corruption. As to his claim of evident partiality, he contends that the arbitrator's award is evidence of the arbitrator's partiality toward Karen, because she received assets of greater value than the assets awarded to him and more of the liquid assets. He also claims that the arbitrator relied on evidence of valuation that was favorable to Karen and unreasonably disregarded evidence he submitted. But, Perry provides no authority suggesting that an unfavorable decision alone can support a claim of evident partiality. Rather, caselaw suggests that evident partiality is based on a relationship or circumstance that raises an inference of bias that the arbitrator has a duty to disclose. See Schreifels v. Safeco Ins. Co., 45 Wn. App. 442, 445-46, 725 P.2d 1022 (1986) (recognizing split as to whether the "evident partiality" standard should constitute an appearance of bias, actual bias, or the reasonable person standard falling somewhere in the middle). Perry does not allege any such relationship or circumstance.

Perry also cites RCW 7.04A.230(c) which provides grounds for vacation if the arbitrator "refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise

5

conducted the hearing contrary to RCW 7.04A.150, so as to prejudice substantially the rights of a party to the arbitration proceeding." He claims that the arbitration was conducted contrary to the process set forth in RCW 7.04A.150, because the arbitrator issued the award based on the parties' written submissions without conducting an arbitration hearing. But, Perry did not assert this statutory ground for vacation below and generally, we will not consider a theory not presented to the trial court. See RAP 2.5(a). Nevertheless, the statute outlining the process for contractual arbitration authorizes "summary disposition" and also states that the arbitrator may "conduct the arbitration in such manner as the arbitrator considers appropriate so as to aid in the fair and expeditious disposition of the proceeding." RCW 7.04A.150(1), (2). Perry does not indicate, nor is there any information in the record to suggest, that Perry requested an arbitration hearing or objected to the summary disposition process here.

Perry also claims that statutory grounds to vacate exist because the arbitrator "exceeded" his powers. RCW 7.04A.230(1)(d); Federated Servs. Ins. Co. v. Pers. Representative of Estate of Norberg, 101 Wn. App. 119, 123, 4 P.3d 844 (2000). In particular, Perry contends that the arbitrator exceeded his powers by issuing an award that contravenes the parties' agreement to equally divide the martial assets. He claims the arbitrator also exceeded his powers by assessing a predistribution amount of $168,500, which had the effect of reducing his award based on community expenses incurred in connection with his extramarital affair.

The facial legal error standard is a "very narrow ground for vacating an arbitral award" that furthers the "purposes of arbitration" while preventing "obvious legal error." Broom v. Morgan Stanley DW, Inc., 169 Wn.2d 231, 239, 236 P.3d 182 (2010). Our

courts have applied facial legal error as a basis to vacate only sparingly. Id. at 239. An arbitrator exceeds his or her powers within the meaning of RCW 7.04A.230(1)(d) when the arbitration award exhibits an error of law. Id. at 240. The error, if any, must be recognizable from the language of the award. Federated Servs. Ins. Co., 101 Wn. App. at 124. In considering such a challenge, we review only the face of the award to determine whether it manifests an erroneous rule of law or a mistaken application of law. Boyd, 127 Wn.2d at 263. We do not review the merits of the case or the evidence before the arbitrator. Davidson, 135 Wn.2d at 119. Nor may we extend our review to discern the parties' intent or interpret agreements underlying the merits of the dispute, because such an act is essentially a trial de novo. Boyd, 127 Wn.2d at 261-62.

Perry contends that although the award purports to assign equal value to the assets awarded to each party, the awards are not actually equivalent. Perry claims this is so because the real estate in France is worth more than the Montana real estate. He also claims that the arbitrator failed to properly assign value to separate property awarded to Karen while also failing to properly characterize and allocate his separate property. Perry also claims that the court awarded a nonexistent asset to him by awarding to him community funds the parties already spent.

Perry asserts that the unequal distribution of assets provides grounds to vacate the award because the parties' expressly agreed to a "50/50 division of assets and liabilities." According to Perry, the arbitrator lacked authority to do anything other than divide the assets in a strictly equal fashion.

But, even assuming for the sake of argument that the award distributes a greater share of the combined assets to Karen, there is no error of law or misapplication of law

7

evident on the face of the award.[3] Resolving Perry's claim that the arbitrator's award conflicts with the parties' agreement would require that we look behind the award and examine the parties' agreement to determine whether they intended a precisely equal or approximately equivalent overall division. We would also have to determine whether the parties intended that community assets depleted as a result of Perry's extramarital affair would be taken into account. As explained, it is beyond the scope of our review to evaluate an arbitrator's interpretation of contracts. Boyd, 127 Wn.2d at 261-62.

Perry also claims that the award manifests an error of law, because it allocates assets based upon a determination of misconduct during the marriage, in violation of RCW 26.09.080. The award, however, states only that $168,500 was already distributed to Perry as "Predistribution/Lisa expenses" and does not include any finding of misconduct.

Perry's argument is based on the arbitrator's letter which explains that assets were predistributed to Perry, because it was "fair and just that [he] bear the cost of his marital misconduct." But, the arbitration award itself does not include the arbitrator's reasons for the award, and for that reason, we do consider the arbitrator's explanatory letter. Barnett v. Hicks, 119 Wn.2d 151, 156, 829 P.2d 1087 (1992). Even if we were to do so, it does not demonstrate that the arbitrator erroneously applied the law by treating $168,500 as a predistributed community asset. RCW 26.09.080 requires a trial court to distribute the marital assets "without regard to misconduct" and thus prohibits consideration of immoral or physically abusive conduct. It does not, however, prevent a

---

[3] Of course, determining the truth of this premise would require us to evaluate the underlying evidentiary record. Such an inquiry is prohibited. See Davidson, 135 Wn.2d at 119.

8

court from considering the unwarranted dissipation of marital assets.[4] In re Marriage of Steadman, 63 Wn. App. 523, 528, 821 P.2d 59 (1991).

II. Maintenance

Perry alleges error on the face of the award with respect to maintenance. Perry claims that in awarding maintenance, the arbitrator failed to (1) make statutorily-required findings, (2) base the payment amount on his actual income, and (3) consider the disparity in the parties' ages, ability to work, and health condition. But, the arbitration statute does not require findings of fact and conclusions of law in support of an award. Barnett, 119 Wn.2d at 156. A court reviewing an award "does not insist upon or even look for a comprehensive explanation of the arbitrator's reasoning. Findings of fact and conclusions of law need not be stated." Cummings v. Budget Tank Removal & Envtl. Servs., LLC, 163 Wn. App. 379, 391, 260 P.3d 220 (2011). Moreover, when a trial court awards maintenance under RCW 26.09.090, the court must consider the statutory factors, but nothing in the statute requires specific factual findings on the factors. See In re Marriage of Mansour, 126 Wn. App. 1, 16, 106 P.3d 768 (2004).

Nothing in the award indicates that the arbitrator did not properly consider all the relevant factors, including the parties' ages and health condition. To the contrary, the award indicates that the arbitrator took health and age into consideration, because it provides that Perry may move to modify if he becomes unable to work during the period of maintenance. And, the award does not reveal what income level the arbitrator

---

[4] We also reject the claim of error on the face of the award because the arbitrator improperly awarded property to third parties. The arbitrator awarded a "few pieces of Chinese porcelain" to Karen, who apparently intends to give the pieces to the parties' adult children.

attributed to Perry to calculate the maintenance. In his explanatory letter, the arbitrator stated that he disregarded the portion of Perry's income that was related to his ownership of the business. But, again, the letter is not part of the award and Perry does not explain why it amounts to an error of law.

## III. Decree of Dissolution

Perry alleges trial court error with respect to entry of the decree of dissolution. He appears to argue that some provisions of the decree are improper, for instance, provisions for future bankruptcy and tax reporting, because the issues were not addressed in arbitration. But, the arbitrator was charged only with dividing the assets and liabilities. Perry cites no authority suggesting that all issues included in the decree had to be addressed in the arbitration. Perry had the opportunity to propose his own final orders and to object to all provisions included in final orders proposed by Karen.

Perry also claims that there are discrepancies between the award and some provisions of the decree and argues that the trial court improperly modified the terms of the award. For instance, the arbitrator awarded real property to each party, but did not specifically mention the personal property located at the properties, such as furnishings and a car. The decree, on the other hand, specifies that the award of real property encompasses the personal property located on the real estate. In addition, Perry points out that the spreadsheet awards Karen $150,000 for "[t]otal Reserve Value" based on one appraisal of the parties' wine collection, whereas the decree awards her the actual wine "wherever stored." Finally, the arbitrator awarded each party a portion of the remaining proceeds from the sale of the parties' marital home in Seattle. The decree converts those specific dollar amounts to percentages of the remaining proceeds.

10

Although Perry argued that the award should be interpreted differently, the decree reflects a reasonable interpretation of the award and does not modify the terms of the award. Perry has not demonstrated that the final orders conflict with the arbitration award nor has he articulated any valid basis to reverse the final dissolution orders.

## IV. Attorney Fees

Karen requests attorney fees on appeal, citing RCW 7.04A.250(3) which provides fees to the prevailing party in postarbitration proceedings. The trial court awarded Karen fees incurred postarbitration. We award her fees under RCW 7.04A.250(3) as well, subject to her compliance with RAP 18.1.

WE CONCUR: